FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ZCO7 SEP -5 P 1: 07

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| TEOCO Corporation,<br>12150 Monument Drive, Suite 400,<br>Fairfax, Virginia 22033, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07cv 887 |
| | ) | CMH/BRP |
| Razorsight, Inc.,<br>3926 Pender Drive, Suite 200,<br>Fairfax, Virginia, 22030, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sundeep Sanghavi and<br>Shital Sanghavi,<br>4911 Sammy Joe Dr.,<br>Fairfax, Virginia, 22030, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, TEOCO Corporation ("TEOCO" or "Plaintiff"), for its complaint against Defendants Razorsight, Inc., Sundeep Sanghavi and Shital Sanghavi ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for preliminary and permanent injunctive relief, federal copyright infringement under 17 U.S.C. §§ 101 et seq., violation of the Federal Computer Fraud and Abuse Act under 18 U.S.C. § 1030, misappropriation of trade secret under VA Code Ann. §§ 59.1-336 et seq., breach of contract, breach of the duty of loyalty, and

violation of the Virginia Business Conspiracy Act under VA Code Ann. §§ 18.2-499 et
seq.

2.      TEOCO brings this action to prevent the continuing and irreparable harm
that TEOCO is suffering and will continue to suffer due to Defendants' willful
infringement of the copyrights in TEOCO's software and manuals, Defendant Shital
Sanghavi's violation of the Federal Computer Fraud and Abuse Act, Defendants'
misappropriation of TEOCO's trade secrets, Defendants' conspiracy to willfully and
maliciously injure TEOCO in its reputation, trade, business, and profession, and
Defendants Sundeep Sanghavi and Shital Sanghavi's breach of contract and breach of
their duty of loyalty.

## THE PARTIES

3.      Plaintiff TEOCO Corporation ("TEOCO") is a Delaware corporation with
its headquarters and principal place of business at 12150 Monument Drive, Suite 400,
Fairfax, Virginia 22033.

4.      Defendant Razorsight, Inc. ("Razorsight") is a Delaware corporation with
its headquarters and principal place of business at 3926 Pender Drive, Suite 200, Fairfax,
Virginia 22030.  It also has an office located at The Old Judge Building, 710 North
Second Street, St. Louis, Missouri 63102.  Further, Razorsight has an Indian subsidiary,
Razorsight India Private Limited, with an office located at 'A' Wing, 3rd Floor,
Divyashree Chambers, No.11, O'Shaughnessy Road, Bangalore - 560 025, India.

5.      Defendant Sundeep Sanghavi is an individual residing at 4911 Sammy Joe
Dr., Fairfax, Virginia 22030.  He is presently the Chairman and Founder of Razorsight.
Defendant Sundeep Sanghavi has also previously been known as Sandip Sanghavi.

6.      Defendant Shital Sanghavi is an individual residing at 4911 Sammy Joe
Dr., Fairfax, Virginia 22030.  Defendant Shital Sanghavi has also previously been known
as Sonia Sanghavi.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant
to 28 U.S.C. §§ 1331 and 1338 and jurisdiction over the state law claims pursuant to 28
U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendants in that each of them
has committed acts within Virginia and this judicial district giving rise to this action,
Defendant Razorsight is headquartered and conducts business in this judicial district, and
Defendants Shital Sanghavi and Sundeep Sanghavi both reside in this judicial district,
such that the exercise of personal jurisdiction over each Defendant would not offend due
process.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b),
1391(c) and 1400(a) because each Defendant has committed acts within this judicial
district giving rise to the action, Defendant Razorsight is headquartered and conducts
business in this judicial district, Defendants Shital Sanghavi and Sundeep Sanghavi reside
and conduct business in this judicial district, and Defendants' actions have injured
Plaintiff, whose headquarters is in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff

10.      Plaintiff TEOCO was incorporated in 1994 as Strategic Technology
Group, Inc., a Virginia corporation.  In 1998, Strategic Technology Group, Inc. changed

its name to TEOCO Corporation, a Virginia corporation.  In January 2002, the Virginia corporation merged into TEOCO Corporation, a Delaware corporation established for that purpose.

11.     TEOCO (an acronym for "The Employee Owned Company") is a company of about 150 employees with over $20 million in annual revenue.  TEOCO's primary business is in the telecommunications cost management area.  Specifically, TEOCO uses its propriety software, as well as professional services, to help it's clients manage their telecommunications expenses.  Over the past 13 years, TEOCO has developed several application software solutions and services, along with accompanying documentation, for this purpose.  Now, TEOCO is a recognized leading provider of network cost management, revenue assurance and additional business intelligence solutions.  TEOCO has earned recognition as the premier provider of cost and revenue management solutions to the telecommunications industry and it also provides auditing services and software solutions to many premier global cable operators.   TEOCO has twice been ranked in Inc. Magazine's List of 500 of the fastest growing privately held companies.

12.     One of TEOCO's primary lines of business is the Communications & Entertainment Solutions group, which distributes and supports TEOCO's BillTrak Pro™ software.

13.     TEOCO's BillTrak Pro™ software ("BillTrak Pro™") is a robust network cost management software application that automates and manages the entire network cost lifecycle by importing detailed electronic invoice data, auditing and analyzing the data, and then facilitating the payment process.  BillTrak Pro™ allows users to fully

-4-

manage their carrier and network costs to automate invoice management, reconciliation, dispute creation and cost accounting. The system enables customers to view up-to-date cost information and allows educated decisions for network planning and optimization.

14.     TEOCO spent significant resources and time developing BillTrak Pro™. The software, as it is now, took approximately nine years and over $50 million dollars to develop.

15.     TEOCO does not give away its software content or services for free, but rather licenses BillTrak Pro™, and access to BillTrak Pro™, to customers via Application Service Provider agreements, for a fee or fees. Those customers enter into an agreement that they may not reproduce, distribute or reverse engineer any part of BillTrak Pro™, including the modules.

16.     BillTrak Pro™ is made up of several different components or modules, including without limitation, DataLoader, EDI 811 and the Data Model. The Data Model is the model by which the data is organized, analyzed, and evaluated ("Data Model").

17.     Data Model is an original work of authorship developed by TEOCO and its employees as works for hire, is owned by TEOCO, and is proprietary material of TEOCO. TEOCO owns all of the copyrights in Data Model. TEOCO marks the software as proprietary, and has filed for registration of its copyrights in Data Model with the United States Library of Congress' Copyright Office ("Copyright Office").

18.     When BillTrak Pro™ is licensed, the customers are also given access to several manuals that accompany BillTrak Pro™ (the "Manuals"). These Manuals include a User Guide, an Administrator Guide, an Audit Guide, a Report Guide, a Query Guide, a Transaction Effects Manual, and a Screens to Data Model Source.

-5-

DCI/251537.03

19.     The Manuals are original works of authorship developed by TEOCO and its employees as works for hire, are owned by TEOCO, and are proprietary materials of TEOCO. TEOCO marks the Manuals as proprietary, and has filed for registration of its copyrights in the Manuals with the Copyright Office.

20.     In addition to software that TEOCO has developed for customers, TEOCO also has developed STIGMA software ("STIGMA"), which is proprietary software that TEOCO uses for internal compliance testing only.

21.     STIGMA is an original work of authorship developed by TEOCO and its employees as works for hire, is owned by TEOCO, and constitutes proprietary materials of TEOCO. No one outside of TEOCO has authorized access to STIGMA software. STIGMA is only available to TEOCO employees through access to a password protected Local Area Network. STIGMA is never distributed outside of the company and cannot be licensed. STIGMA is a trade secret carefully protected by TEOCO.

22.     If STIGMA were known to companies other than TEOCO, it could be used for internal testing, quality assurance on manually, optically and electronically generated data, and for development of additional software. Those parties would obtain economic value from that use.

23.     TEOCO has also registered its copyrights in STIGMA with the Copyright Office.

24.     TEOCO employees (a) are told that they may not copy or distribute any proprietary information, (b) must sign non-disclosure and confidentiality agreements, (c) may only use TEOCO proprietary information for purposes of their employment with TEOCO, (d) must maintain the confidentiality of the proprietary information, (e) must

-6-

not disclose or distribute any proprietary information to any other person or entity, and (f) must return all TEOCO materials when their employment with TEOCO ceases and sign a certificate that they have so complied.

### Defendant Sundeep Sanghavi

25.     Defendant Sundeep Sanghavi was employed at TEOCO from September 2, 1997 until April 6, 2001.

26.     Defendant Sundeep Sanghavi signed an Employment Agreement with Strategic Technologies Corporation (now TEOCO) on September 2, 1997, when he accepted part-time employment, and he signed another copy of the same agreement on December 29, 1997, when he began full-time employment at TEOCO.  Defendant Sundeep Sanghavi also signed the "Non-Disclosure/Assignment Agreement" attached to the Employment Agreement.  He signed one on September 25, 1997, and signed another copy of the same agreement on December 29, 1997.

27.     The Employment Agreement with Defendant Sundeep Sanghavi provides, *inter alia,* that he agrees to be bound by the provisions of the Non-Disclosure/Assignment Agreement attached thereto.  The Non-Disclosure/Assignment Agreement provides that Defendant Sundeep Sanghavi, *inter alia,*

        a)      would learn and have access to proprietary information, including trade secrets and copyrighted materials, such as software, firmware and business procedures, and that the proprietary information was owned exclusively by Plaintiff,

        b)      that he could only use that proprietary information in connection with his work for Plaintiff,

-7-

c) that he had an obligation, both while he was employed and thereafter, to hold the proprietary information in confidence and not disclose or reveal that proprietary information to any person or entity, and

d) that he had an obligation to return all materials reflecting the proprietary information should he no longer be employed by Plaintiff.

28. The Employment Agreement provides, Paragraph 8, that it shall be governed by and construed under the laws of the Commonwealth of Virginia.

29. In April 2001, Defendant Sundeep Sanghavi left the employ of TEOCO. Prior to leaving the employ of TEOCO, Defendant Sundeep Sanghavi founded a company called Tech Gurus & Entrepreneurs, Inc. ("TG&E") in November 2000. In August, 2001, TG&E changed its name to Nexus Innovative Solutions Company ("NISCO"), and in July 2005, NISCO changed its name to Razorsight, Inc.

30. In January 2002, Defendant Sundeep Sanghavi approached TEOCO seeking to serve as a marketing representative for TEOCO products. TEOCO agreed, and entered an agreement whereby Defendant Sundeep Sanghavi became a marketing representative of TEOCO, through his new company NISCO. The agreement was signed and entered on January 3, 2002, and terminated on April 3, 2003.

31. The Marketing Representative Agreement provides that Defendant Sundeep Sanghavi, *inter alia*,

a) would learn and have access to proprietary information, including trade secrets and copyrighted materials, such as software, firmware and business procedures, and that the proprietary information was owned exclusively by Plaintiff,

-8-

b)      that he had an obligation, both while he was employed and

thereafter, to hold the proprietary information in confidence and not disclose or

reveal that proprietary information to any person or entity,

c)      that he must not destroy any proprietary markings or legends, and

d)      that until April 3, 2004, he would not compete with TEOCO by,

*inter alia*, developing competitive software, offering interfaces or account coding

to TEOCO's products, or offering competitive services to TEOCO customers.

32.     The Marketing Representative Agreement provides, Paragraph 15(b), that

it shall be governed by and construed under the laws of the Commonwealth of Virginia.

### Defendant Shital Sanghavi

33.     Defendant Shital Sanghavi was employed by TEOCO from March 15,

2000 through September 27, 2002.

34.     Defendant Shital Sanghavi entered and signed an Employment Agreement

with TEOCO on March 15, 2000 and signed the Non-Disclosure/Assignment Agreement

attached to the Employment Agreement on March 17, 2000.  She signed another

Employment Agreement and the Confidentiality and Intellectual Property Assignment

Agreement attached thereto on September 10, 2001.  Additionally, when she left TEOCO

on September 27, 2002, she signed a "Termination Certificate."

35.     The Employment Agreement and Non-Disclosure/Assignment Agreement

attached thereto, and the Employment Agreement and the Confidentiality and Intellectual

Property Assignment Agreement attached thereto, both signed by Defendant Shital

Sanghavi, each provide that Defendant Shital Sanghavi, *inter alia,*

-9-

      a)     would learn proprietary information, including trade secrets, such as software, firmware and business procedures, and that the proprietary information was owned exclusively by TEOCO,

      b)     that she could only use that proprietary information in connection with her work for TEOCO,

      c)     that she had an obligation, both while she was employed and thereafter, to hold the proprietary information in confidence and not disclose or reveal that proprietary information to any person or entity, and

      d)     that she had an obligation to return all materials reflecting the proprietary information should she no longer be employed by TEOCO.

36.     Further, upon leaving TEOCO's employ, Defendant Shital Sanghavi signed a Termination Certificate, swearing (a) that she had complied with the Employment Agreements, Non-Disclosure/Assignment Agreements, and Confidentiality and Intellectual Property Assignment Agreement; (b) that she would continue to preserve as confidential TEOCO's proprietary information; and (c) that she had returned all materials belonging to TEOCO.

37.     The Employment Agreement of March 15, 2000, provides, Paragraph 8, that it shall be governed by and construed under the laws of the Commonwealth of Virginia.

38.     The Employment Agreement of September 10, 2001, provides, Paragraph 16, that it shall be governed by and construed under the laws of the Commonwealth of Virginia.

-10-

## Defendant Razorsight

39.     Defendant Razorsight was founded in November, 2000 by Defendant

Sundeep Sanghavi as Tech Gurus & Entrepreneurs, Inc. ("TG&E") as a Virginia

corporation, which then became Nexus Innovative Solutions Company ("NISCO") on

August 24, 2001, also a Virginia corporation.  In April, 2005, NISCO merged into a

Delaware corporation with the same name created for that purpose.  NISCO's name then

changed to Razorsight, Inc. in July, 2005.

40.     Defendant Razorsight is a competitor of TEOCO and similarly provides

software solutions and services, along with accompanying documentation, for network

cost management, revenue assurance, invoice processing, complete invoice life cycle

management and other business intelligence solutions.

41.     Defendant Razorsight offers a software package called Razorsight

Automated Invoice Management solutions ("AIM") that Razorsight claims "automate the

invoice lifecycle management process, reduce the cost of and time for invoice processing,

and provide powerful audit capabilities and actionable insight to finance and procurement

executives."

42.     Upon information and belief, Defendants have impermissibly

appropriated, copied, relied upon to build software, and distributed TEOCO's proprietary

materials, including STIGMA, the Manuals, and the Data Model.

43.     Upon information and belief, while employed by TEOCO, Defendant

Shital Sanghavi intentionally accessed a protected TEOCO computer and the TEOCO

server, using an employee password, and exceeded her authorized access by making at

least one unauthorized copy of the STIGMA object code.

-11-

44.    Upon information and belief, Defendant Shital Sanghavi, having made an unauthorized copy of the STIGMA object code, then impermissibly distributed that object code to Defendants Sundeep Sanghavi and Razorsight.

45.    Upon information and belief, Defendants Sundeep Sanghavi and Razorsight conspired with Defendant Shital Sanghavi to have her unlawfully copy and distribute the proprietary STIGMA software in order to benefit themselves and harm TEOCO in its reputation, trade, business, and profession.

46.    Upon information and belief,  Razorsight unlawfully was, and still is, in possession of STIGMA, and Defendants have impermissibly used STIGMA in the conduct of their business.

47.    Upon information and belief, Defendants have made multiple unauthorized copies of the STIGMA software object code and impermissibly distributed it to Razorsight employees in the United States and in India for daily use in its quality assurance on manually, optically and electronically generated data, and for development of additional software.

48.    Upon information and belief, Razorsight employees are impermissibly accessing STIGMA object code on a daily basis and using it in its quality assurance on manually, optically and electronically generated data, and for development of additional software.

49.    Upon information and belief, Razorsight employees know that the STIGMA object code is proprietary information of TEOCO.

50.    Defendants Sundeep Sanghavi and Shital Sanghavi possessed, by virtue of their employment by and association with TEOCO, additional proprietary TEOCO

-12-

information, including the BillTrak Pro™ software components and modules, underlying software data organization and structure, and the BillTrak Pro™ Manuals.

51.     Upon information and belief, both Defendants Sundeep Sanghavi and Shital Sanghavi impermissibly kept at least some of that proprietary information upon leaving TEOCO's employ or association, in violation of their agreements with TEOCO and in violation of their duty of loyalty to TEOCO, and have unlawfully displayed and distributed at least some of that proprietary information to each other, to Razorsight and to its employees, for commercial advantage and private financial gain.

52.     Upon information and belief, Defendant Sundeep Sanghavi impermissibly maintained copies of the BillTrak Pro™ Manuals, made unauthorized copies of the Manuals, and unlawfully distributed the Manuals to Razorsight employees with the instruction that they should copy and use the Manuals to develop Razorsight's AIM software and other software.

53.     Upon information and belief, Razorsight and its employees have made unauthorized copies of the BillTrak Pro™ Manuals, further distributed the Manuals, and unlawfully copied and used the Manuals to develop Razorsight's AIM software and other software.

54.     Upon information and belief, Razorsight and its employees know that the information in those manuals is the proprietary information of TEOCO.

55.     Upon information and belief, the Defendants conspired to unlawfully copy and distribute the Manuals in order to benefit themselves and harm TEOCO in its reputation, trade, business, and profession.

-13-

56.     Upon information and belief, Defendant Sundeep Sanghavi intended to, and did, impermissibly establish Razorsight to compete with TEOCO by developing competitive software and offering competitive services to TEOCO customers.

57.     Upon information and belief, Defendants have willfully and maliciously copied, distributed and used TEOCO's proprietary information to unfairly compete with TEOCO, for their own commercial advantage and private financial gain, resulting in economic damage to TEOCO, and irreparable harm to TEOCO.

<u>COUNT I</u>

**Copyright Infringement of TEOCO's
STIGMA Software**

58.     TEOCO incorporates the prior paragraphs by reference.

59.     STIGMA is an original copyrightable work.  TEOCO has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights in the work and has filed its copyright registration in the work with the Copyright Office in accordance with its rules and regulations.

60.     TEOCO owns all rights, title and interest in the copyright of STIGMA.

61.     Upon information and belief, all Defendants have infringed and are infringing the copyrights of STIGMA by unlawfully reproducing and distributing identical copies of STIGMA to Razorsight's employees, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

62.     Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of TEOCO's copyright, and in conscious disregard for TEOCO's exclusive rights in the protected work.

-14-

63.     Defendants' infringements were and are willful and in bad faith disregard

of the terms of the TEOCO employment and non-disclosure agreements entered into by

Defendants Shital Sanghavi and Sundeep Sanghavi.

64.     TEOCO is entitled to recover Defendants' profits, TEOCO's actual

damages, and punitive damages against Defendants.

65.     Defendants' deliberate infringement of TEOCO's copyrights has greatly

and irreparably damaged TEOCO, and Defendants will continue to damage TEOCO

greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief,

TEOCO will have no adequate remedy at law.  Accordingly, TEOCO is entitled to a

temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## COUNT II

### Copyright Infringement of TEOCO's
### BillTrak Pro™ Manuals

66.     TEOCO incorporates the prior paragraphs by reference.

67.     The BillTrak Pro™ Manuals are original copyrightable works.  TEOCO

has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights

in the works and has filed its copyright registrations in the works with the Copyright

Office in accordance with its rules and regulations.

68.     TEOCO owns all rights, title and interest in the copyrights of the BillTrak

Pro™ Manuals.

69.     Upon information and belief, all Defendants have infringed and are

infringing the copyrights of the BillTrak Pro™ Manuals by unlawfully reproducing and

distributing identical copies of the BillTrak Pro™ Manuals to Razorsight's employees,

creating derivative works that infringe upon the BillTrak Pro™ Manuals, and publicly

marketing and selling those infringing derivative works in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

70.     Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of TEOCO's copyrights, and in conscious disregard for TEOCO's exclusive rights in the protected works.

71.     Defendants' infringements were and are willful and in bad faith disregard of the terms of the TEOCO employment and non-disclosure agreements entered into by Defendants Shital Sanghavi and Sundeep Sanghavi.

72.     TEOCO is entitled to recover Defendants' profits, TEOCO's actual damages, and punitive damages against Defendants.

73.     Defendants' deliberate infringement of TEOCO's copyrights has greatly and irreparably damaged TEOCO, and Defendants will continue to damage TEOCO greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, TEOCO will have no adequate remedy at law.  Accordingly, TEOCO is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## COUNT III

### Copyright Infringement of TEOCO's
### Data Model

74.     TEOCO incorporates the prior paragraphs by reference.

75.     The Data Model is an original copyrightable work.  TEOCO has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights in the work and has filed its copyright registrations in the work with the Copyright Office in accordance with its rules and regulations.

DC1/251537.03

76.     TEOCO owns all rights, title and interest in the copyright of the Data Model.

77.     Upon information and belief, all Defendants have infringed and are infringing the copyrights of the Data Model by unlawfully reproducing and distributing identical copies of the Data Model to Razorsight's employees, creating derivative works that infringe upon the Data Model, and publicly marketing and selling those infringing derivative works in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

78.     Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of TEOCO's copyright, and in conscious disregard for TEOCO's exclusive rights in the protected work.

79.     Defendants' infringements were and are willful and in bad faith disregard of the terms of the TEOCO employment and non-disclosure agreements entered into by Defendants Shital Sanghavi and Sundeep Sanghavi.

80.     TEOCO is entitled to recover Defendants' profits, TEOCO's actual damages, and punitive damages against Defendants.

81.     Defendants' deliberate infringement of TEOCO's copyrights has greatly and irreparably damaged TEOCO, and Defendants will continue to damage TEOCO greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, TEOCO will have no adequate remedy at law.  Accordingly, TEOCO is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## COUNT IV

### Violation of the Federal Computer Fraud and Abuse Act

82.     TEOCO incorporates the prior paragraphs by reference.

83.     Upon information and belief, within the meaning of and in violation of 18 U.S.C. § 1030, Defendant Shital Sanghavi intentionally and maliciously accessed a protected TEOCO computer, and the TEOCO server, using an employee password, and exceeded her authorized access by engaging in the unauthorized copying and distribution of proprietary information, including trade secrets, rendering her access unauthorized. Defendant Shital Sanghavi thereby caused extensive damage to TEOCO and its employees.

84.     Upon information and belief, Defendant Shital Sanghavi copied and distributed this proprietary information, including trade secrets, to third parties, including Defendant Sundeep Sanghavi and Defendant Razorsight.

85.     Defendant's unauthorized access and disclosure of TEOCO's trade secrets and other proprietary information was willful, intentional, and executed with full knowledge of TEOCO's copyrights, trade secrets, and other proprietary information, and in conscious disregard for TEOCO's exclusive rights.

86.     Defendant's unauthorized access to, and disclosure of, TEOCO's trade secrets and other proprietary information was in willful and bad faith disregard of the underlying terms of her Employment Agreement, Non-Disclosure/Assignment Agreement, Confidentiality and Intellectual Property Assignment Agreement, and Termination Certificate.

87.     Defendant's deliberate and unauthorized access and disclosure of TEOCO's trade secrets caused damage to TEOCO's trade secrets, copyrights and other proprietary rights, and has resulted in substantial monetary damage to TEOCO, its

officers and employees, far exceeding $5000 in any, and each, one year period since Defendant Shital Sanghavi's actions.

88.     TEOCO is entitled to recover compensatory damages in accordance with 18 U.S.C. § 1030(g).

89.     Defendant's deliberate violation of 18 U.S.C. § 1030(g) has greatly and irreparably damaged TEOCO, and Defendant will continue to damage TEOCO greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, TEOCO will have no adequate remedy at law.  Accordingly, TEOCO is entitled to a temporary and final injunction in accordance with 18 U.S.C. § 1030(g).

## COUNT V

### Misappropriation of Trade Secret

90.     TEOCO incorporates the prior paragraphs by reference.

91.     Upon information and belief, all Defendants have engaged in multiple willful and malicious acts of misappropriation of TEOCO's trade secrets within the meaning of Va. Code § 59.1-336.

92.     Defendants Sundeep Sanghavi and Shital Sanghavi possess, by virtue of their employment by and association with TEOCO, information which derives substantial economic value from not being known to and not readily ascertainable by proper means by other persons who can obtain economic value from its use.  This information includes, but is not limited to STIGMA.

93.     This confidential information possessed by Defendants Sundeep Sanghavi and Shital Sanghavi has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy, including the use of written confidentiality and

-19-

non-disclosure agreements; use of employee passwords; use of proprietary and confidentiality legends; requirements that employees return all TEOCO materials once they are no longer employed at TEOCO; and other policies designed to ensure the confidentiality of this information and its denial to competitors of TEOCO.

94.     Defendants Sundeep Sanghavi and Shital Sanghavi, and through them Defendant Razorsight, possess information which constitutes one or more "trade secrets" of TEOCO within the meaning of Va. Code § 59.1-336.

95.     Defendant Razorsight knows, or has reason to know, that the confidential information of TEOCO which is known to Defendants Sundeep Sanghavi and Shital Sanghavi is information derived from or through a person who owes a duty to TEOCO to maintain the secrecy of such information.

96.     The disclosure to, or use by, Defendant Razorsight of confidential information of TEOCO known to Defendants Sundeep Sanghavi and Shital Sanghavi is disclosure or use through breach of a duty, or inducement of a breach of duty, to maintain secrecy, and constitutes "improper means" within the meaning of Va. Code § 59.1-336.

97.     The disclosure to or use by Defendant Razorsight of confidential information of TEOCO known to Defendants Sundeep Sanghavi and Shital Sanghavi constitutes "misappropriation" within the meaning of Va. Code § 59.1-336.

98.     Upon information and belief, Defendants have violated, and threaten to further violate, the Virginia Trade Secrets Act by misappropriating TEOCO's trade secrets.

99.     As a direct and proximate result of Defendants' conduct, TEOCO has been injured and is threatened with further injury, as set forth above.

-20-

100.    As a direct and proximate result of Defendants' conduct, TEOCO has been injured irreparably and is threatened with further irreparable injury.

101.    Defendants' actions are willful and malicious.

102.    TEOCO is entitled to recover Defendants' profits, TEOCO's actual damages, and punitive damages against Defendants, in accordance with Va. Code § 59.1-338.

103.    Defendants' deliberate misappropriation of TEOCO's trade secrets has greatly and irreparably damaged TEOCO, and Defendants will continue to damage TEOCO greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, TEOCO will have no adequate remedy at law.  Accordingly, TEOCO is entitled to a temporary and final injunction in accordance with Va. Code § 59.1-337.

## COUNT VI

### Breach of Contract - Employment Agreements

104.    TEOCO incorporates the prior paragraphs by reference.

105.    Upon information and belief, Defendants Sundeep Sanghavi and Shital Sanghavi each have willfully breached their written and binding covenants with TEOCO by, for example, using TEOCO's proprietary information in connection with matters outside their work for TEOCO, copying and distributing TEOCO's proprietary information to third parties and thus breaching the duty of confidentiality, and failing to return all materials reflecting the proprietary information.

106.    These covenants are no more broad than necessary to serve the legitimate interests of TEOCO, and are valid and enforceable by injunction and otherwise.

DCl/251537.03

107.    As a direct and proximate result of Defendants' conduct, TEOCO has been injured and is threatened with further injury, as set forth above.

108.    As a direct and proximate result of Defendants' conduct, TEOCO has been injured irreparably and is threatened with further irreparable injury.

109.    In executing the Non-Disclosure Agreement incorporated into the Employment Agreement, Defendant Sundeep Sanghavi acknowledged and agreed that "because any use or disclosure of [Plaintiff's] Proprietary Information other than for [Plaintiff's] benefit and without the [Plaintiff's] prior written consent could cause irreparable injury to the [Plaintiff], the [Plaintiff] in addition to any other remedies available, will be entitled to obtain an injunction to enforce the provisions of this Agreement."

110.    In executing the Non-Disclosure Agreement incorporated into the Employment Agreement of March 15, 2000, Defendant Shital Sanghavi acknowledged and agreed that "because any use or disclosure of [Plaintiff's] Proprietary Information other than for [Plaintiff's] benefit and without the [Plaintiff's] prior written consent could cause irreparable injury to the [Plaintiff], the [Plaintiff] in addition to any other remedies available, will be entitled to obtain an injunction to enforce the provisions of this Agreement."

111.    In executing the Employment Agreement of September 10, 2001, Defendant Shital Sanghavi acknowledged and agreed that she would be personally liable to TEOCO for any direct and indirect damages suffered by TEOCO, including attorneys' fees incurred in enforcing the agreement or seeking redress for breach of the agreement, and that TEOCO shall be entitled to obtain injunctive relief for any such breach.

-22-

112.   TEOCO is entitled to recover actual and compensatory damages and injunctive relief.

## COUNT VII

### Breach of Contract - Marketing Representative Agreement

113.   TEOCO incorporates the prior paragraphs by reference.

114.   Upon information and belief, Defendant Sundeep Sanghavi has breached his written and binding covenants with TEOCO by, for example, using TEOCO's proprietary information in connection with matters outside his work for TEOCO, copying and distributing TEOCO's proprietary information to third parties and thus breaching the duty of confidentiality, and competing with TEOCO by, among other things, developing competitive software and offering competitive services to TEOCO customers.

115.   These covenants are no more broad than necessary to serve the legitimate interests of TEOCO, and are valid and enforceable, by injunction and otherwise.

116.   As a direct and proximate result of Defendants' conduct, TEOCO has been injured and is threatened with further injury, as set forth above.

117.   As a direct and proximate result of Defendants' conduct, TEOCO has been injured irreparably and is threatened with further irreparable injury.

118.   In executing the Marketing Representative Agreement, Defendant Sundeep Sanghavi acknowledged and agreed that "the restrictions contained in this Agreement are reasonable and necessary to protect TEOCO's legitimate interests," that "remedies at law may be inadequate and any violation of these restrictions will cause irreparable damage to TEOCO," and that "TEOCO will be entitled to injunctive relief against each violation."

-23-

119.    TEOCO is entitled to recover actual and compensatory damages and injunctive relief.

## COUNT VIII

### Breach of the Duty of Loyalty

120.    TEOCO incorporates the prior paragraphs by reference.

121.    As employees of TEOCO, Defendants Sundeep Sanghavi and Shital Sanghavi owed TEOCO a fiduciary duty, including a duty of loyalty, of good faith, and of fair dealing, in all matters touching upon their employment or the conduct of the business of TEOCO.

122.    Upon information and belief, Defendants Sundeep Sanghavi and Shital Sanghavi, while in the employ of TEOCO, breached this fiduciary duty owed to TEOCO by, *inter alia*, misappropriating trade secrets and misusing confidential and copyrighted information of TEOCO.

123.    This conduct was undertaken by Defendants willfully, with spite and malice, and with a reckless disregard for the rights of TEOCO.

124.    As a direct and proximate result of Defendants' conduct, TEOCO has been injured and is threatened with further injury, as set forth above.

125.    As a direct and proximate result of Defendants' conduct, TEOCO has been injured irreparably and is threatened with further irreparable injury.

126.    TEOCO is entitled to recover actual and compensatory damages, and injunctive relief.

## COUNT IX

### Violation of the Virginia Business Conspiracy Act

-24-

127.    TEOCO incorporates the prior paragraphs by reference.

128.    Upon information and belief, all Defendants, and each of them, have combined, associated, agreed, mutually undertaken, or concerted together for the purpose of willfully and maliciously injuring TEOCO in its reputation, trade, business, and profession in violation of VA Code Ann. §§ 18.2-499 & 500.

129.    Upon information and belief, Defendants, and each of them, have attempted to procure the participation, cooperation, agreement, or other assistance of another person (including the other said Defendants) to enter into a combination, association, agreement, mutual understanding or concert for the purpose of willfully and maliciously injuring TEOCO in its reputation, trade, business, and profession in violation of VA Code Ann. §§ 18.2-499 & 500.

130.    TEOCO has been injured in its reputation, trade, business, or profession by reason of the acts of Defendants set forth above.

131.    TEOCO is entitled to recover three times its actual and compensatory damages, including lost profits, as well as the costs of suit, including reasonable attorneys' fees, pursuant to VA Code Ann. §§18.2-500.

**PRAYER FOR RELIEF**

Wherefore, TEOCO prays for judgment and seeks relief against each of the Defendants as follows:

1.    Judgment in favor of TEOCO against Defendants on Counts I through IX;

2.    An Order that preliminarily restrains and a Final Order that permanently enjoins Defendants from reproducing and/or publicly displaying TEOCO's copyrighted works, trade secrets, and other proprietary information;

-25-

3.      An Order that preliminarily enjoins and a Final Order that permanently enjoins Defendants from marketing, distributing or licensing its products or services that reproduce and/or publicly display TEOCO's copyrighted works, trade secrets, and other proprietary information;

4.      An Order that preliminarily enjoins and a Final Order that permanently enjoins Defendants from marketing, distributing or licensing its products or services that were developed using TEOCO's copyrighted works, trade secrets, and other proprietary information;

5.      An Order that requires Defendants to delete all copyrighted works, trade secrets, and other proprietary information owned by TEOCO from their computers or web servers;

6.      An Order that requires Defendants to recover all infringing copies of its products that were developed using TEOCO's copyrighted works, trade secrets, and other proprietary information from third parties to whom it has distributed these products.

7.      An Order that requires Defendants to recover all of TEOCO's copyrighted works, trade secrets, and other proprietary information from third parties to whom it has distributed these materials.

8.      An Order that requires Defendants to pay to TEOCO actual, compensatory and punitive damages;

9.      An Order that requires Defendants to pay to TEOCO trebled damages pursuant to VA Code Ann. §§18.2-500;

10.    An Order that requires Defendants to file with this Court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which they have complied with the Order;

11.    An Order that Defendants pay TEOCO for the costs of this action and its reasonable attorneys' fees;

12.    An Order granting TEOCO such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38(b), TEOCO demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: September 5th, 2007                    By: _____

Michael W. Robinson
Virginia Bar. No. 26522
William D. Dolan, III
Virginia Bar No. 12455
VENABLE LLP
8010 Towers Crescent Drive,
Suite 300
Vienna, VA 22182
703-760-1600 (phone)
703-821-8949 (fax)

Julie A. Petruzzelli
VENABLE LLP
575 7th Street, NW
Washington, DC 20004-1601
202-344-8538 (phone)
202-344-8300 (fax)

-27-